UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00495-JAW |
| | ) | |
| MAINE DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Richard Foster, formerly an inmate in the custody of the Maine Department of Corrections,[1] alleges that the Department violated his federal rights based on a sex offender classification, which disqualified him from participation in the Department's work release program.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted (ECF No. 5).  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  29 U.S.C. § 1915A(a).

As explained below, following a review of the pleadings, I recommend that the Court dismiss Plaintiff's complaint without service on Defendants.

---

[1] At the time Plaintiff commenced this action, he was an inmate in the custody of the Maine Department of Corrections. (Application to Proceed In Forma Pauperis, ECF No. 4.)  In his notice of intent to proceed, Plaintiff informed the Court that he would be released from custody on January 26, 2016.  (ECF No. 6.)

## BACKGROUND FACTS[2]

Plaintiff alleges that he was incarcerated as the result of a sex offense committed prior to 1996, and that because he was convicted prior to 1996, the Department of Corrections' classification of him as a sex offender for the purpose of determining his security classification and eligibility for the Department's work release program was unconstitutional. Plaintiff maintains that had he been admitted to the work release program, he would have earned good time credits at an accelerated rate. (Complaint, ECF No. 1.)

## DISCUSSION

### A. Standard of Review

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, sua sponte, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). [3]

---

[2] The facts set forth herein are derived from Plaintiff's complaint.

[3] In a letter dated January 18, 2016, Plaintiff represented that he was due to be released on January 26, 2016. (Indication of Intent to Proceed, ECF No. 6.) "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Because Plaintiff was a prisoner when he filed this action, the screening requirements of § 1915A apply despite his subsequent release. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Johnson v. Hill,* 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997). Even if § 1915A were not to apply, screening is nevertheless appropriate under 28 U.S.C. § 1915.

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

**B.     Analysis**

Plaintiff alleges that the Maine Department of Corrections and certain of its officers classified him as a sex offender and denied him participation in a work release program on that basis. Additionally, Plaintiff alleges that because his conviction occurred before the passage of the Maine Sex Offender Registration and Notification Act of 1999 ("SORNA"), the Department unlawfully classified him as a sex offender for jail administrative purposes.

The Supreme Court has held that a prisoner does not have a due process claim absent evidence of an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Where the deprivation of liberty or property does not rise to the level of an "atypical and significant hardship," administrative decisions such as Plaintiff describes do not raise a due process concern. *Id.* In fact, applying the *Sandin* standard, the First Circuit held that the removal of a prisoner from a work release program does not impose an atypical and significant hardship. *Dominique v. Weld,* 73 F.3d 1156, 1160 (1st Cir. 1996). [4]

Assuming, arguendo, the merit of Plaintiff's contention that SORNA's registration requirement would amount to an unconstitutional bill of attainder if applied to Plaintiff, *see Doe v. Anderson*, 108 A.3d 378, 2015 ME 3, the constitutionality of SORNA registration does not govern Plaintiff's claim. Rather, the focus of Plaintiff's claim is the Department's ability to regulate the conditions of confinement within its prison facilities. In this case, the specific focus is the Department's ability to make administrative determinations regarding a prisoner's security classification and eligibility for work release.

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). As the many decisions confirming the constitutionality of state sex offender registration and notification acts reflect, sex offender status is not a suspect category for purposes of due process or equal protection and, therefore, policy decisions regarding sex offender status are subject to deferential review to determine whether a

---

[4] Even before *Sandin*, this Circuit determined that challenges related to prison work release programs do not implicate a constitutionally protected liberty interest. *Bowser v. Vose*, 968 F.2d 105 (1st Cir. 1992) (per curiam).

rational basis supports the decisions. *See*, *e.g.*, *Doe v. Cuomo*, 755 F.3d 105, 113, 115 (2d Cir. 2014) (rejecting due process and equal protection claims by prisoner asserting he was entitled to a hearing to determine whether he was a sufficient threat to justify subjecting him to a sex offender registration requirement); *State v. Letalien*, 2009 ME 130, ¶ 50, 985 A.2d 4, 22 ("Protecting the public from potentially dangerous sex offenders is, without question, a compelling state interest in furtherance of the state's police powers."). Significantly, the rational basis review precludes a finding that the denial of minimum security housing and work release to prisoners convicted of sex offenses offends the Constitution. *Griffin v. Mahoney*, 243 Fed. App'x 221, 222 (9th Cir. 2007) (affirming summary dismissal under 28 U.S.C. § 1915A in case alleging denial of access to sex offender rehabilitation program and resulting ineligibility for parole).[5]

Simply stated, because the denial of prison employment does not amount to an "atypical and significant hardship" when measured against the ordinary incidents of prison life, *Dominique v. Weld,* 73 F.3d 1156, 1160 (1st Cir. 1996), and because an inmate has no constitutional right to a minimum security prison classification, *Meachum*, 427 U.S. at 224, Plaintiff cannot prevail on his due process claim. Accordingly, Plaintiff has failed to state a plausible claim.[6]

---

[5] As the many unpublished decisions involving good conduct credit reflect, for purposes of due process, an administrative decision that denies a prisoner the ability to earn good time is distinct from an administrative decision that revokes earned credits. *See*, *e.g.*, *Martin v. O'Brien*, 207 Fed. App'x 587, 589 (6th Cir. 2006) (observing that "prisoners have no liberty interest in opportunities to obtain good-time credits").

[6] To the extent Plaintiff seeks relief from the Department of Corrections, the Eleventh Amendment precludes recovery of money damages in this Court absent an express waiver by the State. *See Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 389 (1998) (describing the Eleventh Amendment as the source of the sovereign immunity defense and noting it can be waived); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that 42 U.S.C. § 1983 does not override Eleventh Amendment immunity); *Kentucky v. Graham,* 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.") Additionally, Plaintiff cannot prevail against the Department under 42 U.S.C. § 1983 because neither the State nor a state agency is a "person" under § 1983. *Will*, 491 U.S. at 64. Furthermore, Plaintiff's recent release moots his request for injunctive relief. Nevertheless, because Plaintiff asserts in his complaint that he believes he has a civil rights claim "against all party members of MDOC," the recommendation is based on Plaintiff's failure to state a claim rather than sovereign immunity and mootness principles. (Complaint at 1.)

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend that the Court dismiss Plaintiff's complaint without service.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2016.